# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-141-MOC-DSC

| | |
|---|---|
| DUKE ENERGY FLORIDA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTINGHOUSE ELECTRIC | ) |
| COMPANY LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion for Partial Judgment on the Pleadings" (document #42), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be <u>denied</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a contract for the design, procurement, and construction of a nuclear power plant in Levy County, Florida (the "Levy Plant" or "Project") owned by Plaintiff. Plaintiff entered into an engineering, procurement and construction agreement (the "EPC Agreement") with a consortium of Defendant Westinghouse and Stone & Webster ("the Consortium") on December 31, 2008. The EPC Agreement is governed by North Carolina law.

In order to build and operate the Levy Plant, Plaintiff applied for a Combined Construction Permit and Operating License ("COL") with the Nuclear Regulatory Commission ("NRC"). The COL sought NRC approval to construct and operate a Westinghouse standard nuclear plant design known as the AP1000.

The EPC Agreement provided that if the COL was not obtained by January 1, 2014 (the "January 2014 Option Date"), either party could terminate the agreement. A party could exercise that option only "for reasons other than a breach of this Agreement by the party requesting such termination."

Plaintiff made a series of "milestone payments" to Defendant while the COL was pending. Plaintiff paid $56 million for design finalization in seven installments. Plaintiff also paid $2,348,660 for reactor vessel internals (RVIs) and $51,778,440 for turbine generators. Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in its favor, the $56 million for design finalization were the only payments Plaintiff owed for that purpose. Defendant contends and Plaintiff denies that the payments for RVIs and turbine generators were non-refundable deposits.

Duke Energy exercised its right to suspend performance in a letter dated April 30, 2009 (the "Suspension Letter"). Duke Energy suspended the EPC Agreement because the NRC had determined that most of the preconstruction work on the project – originally scheduled to be completed simultaneously with processing of the COL – would not be authorized until after the NRC issued the COL. The Suspension Letter directed the Consortium to continue work "necessary to support" the Levy plant COL and other required site-specific permits, but to suspend all other work.

The parties negotiated an amendment ("Amendment Three") to the EPC Agreement to memorialize changes necessitated by the partial suspension. During those negotiations, Defendant asked whether the January 2014 Option Date in Section 22.4(a) of the EPC Agreement – which gave both parties the option to terminate the EPC Agreement if Plaintiff did not receive the COL by January 1, 2014 – should be revised. In the light most favorable to Plaintiff, it promptly responded "no," and Defendant never raised the issue again.

In a June 25, 2013 letter, the NRC informed Plaintiff that it would not issue the COL until September 2014 at the earliest. Plaintiff informed Defendant that it intended to cancel construction of the Levy plant. During the ensuing months of discussion about winding down the project, Plaintiff asked Defendant to refund the RVI and turbine generators milestone payments. Defendant refused to refund those amounts.

The NRC did not issue the Levy Plant COL by January 1, 2014. Plaintiff terminated the EPC Agreement on January 28, 2014. On March 27, 2014, Defendant sent Plaintiff an invoice for $482 million in termination costs as well as a demand for a $30 million termination penalty.

On March 28, 2014, Plaintiff filed this lawsuit asserting breach of contract. Defendant responded with an Answer and Counterclaims. Although the parties generally agree that Defendant is entitled to recover termination related costs and fees, they disagree on the categories and amounts.

On November 25, 2014, Defendant filed its Motion for Partial Judgment on the Pleadings. Defendant seeks judgment as a matter of law on Plaintiff's contract claim and two of its affirmative defenses which in the aggregate would resolve the issues of the termination penalty, design finalization and long lead equipment in its favor.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations

must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the Complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Defendant bases its Motion on the factual allegations contained in its Counterclaims, which Plaintiff has denied. "When the court considers a motion for judgment on the pleadings, it should 'construe the facts and reasonable inferences…in the light most favorable to the [nonmoving party].'" Kotane, Inc. v. Banish, No. 5:10-cv-90, 2011 WL 3804181, *2 (W.D.N.C. August 29, 2011) (quoting Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997)). The Court "must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." Kotane, 2011 WL 3804181, *2 (citations omitted). Specifically, "[a]ll allegations of the moving party which have been denied are taken as false." Atkinson v. Oliver T. Carr Co., No. CIV. A. 85-1950, 1986 WL 6997, at *2 (D.D.C. Apr. 22, 1986) (citing 2A Moore's Federal Practice ¶ 12.15 at 12–106). "[A movant] may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." Kotane, 2011 WL 3804181, *2 (quoting BET Plant Svcs., Inc. v. W.D. Robinson Electric Co., Inc., 941 F.Supp. 54, 55 (D.S.C. 1996)). Plaintiff has specifically denied the allegations in paragraphs 27, 28, 33, 63 and 72 of Defendant's Counterclaims relating to the termination penalty and design finalization payments. Accordingly, Defendant's Motion fails as to these claims.

Plaintiff also seeks to recover $56 million for long lead equipment that it contends was never manufactured. Defendant bases its Motion to dismiss this claim on three attached exhibits

which are not "integral to" or "explicitly relied on" in Plaintiff's Complaint.  See Forshaw Indus., Inc. v. Insurco Ltd., 2 F.Supp. 3d 772, 782 (W.D.N.C. 2014); Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 821-22 (M.D.N.C. 2011) (holding that defendant could not rely on exhibits to her motion to dismiss where those documents were not "integral to" or "explicitly relied on" in complaint).  Defendant relies on an invoice from Westinghouse to its sister company Toshiba America Nuclear Energy for turbine generators along with a related appendix.  Defendant also relies on a Letter of Intent between the Consortium and Plaintiff related to the RVIs.  Defendant argues that based upon these documents, the milestone payments for the long lead equipment were essentially non-refundable deposits.  However, the Complaint does not refer to those documents and Plaintiff's claims do not arise from them.  In short, Defendant's Motion is premised on factual issues that are appropriately addressed by a motion for summary judgment.

For these reasons, the undersigned respectfully recommends that Defendant's Motion for Partial Judgment on the Pleadings be <u>denied</u> without prejudice to its right to reassert those arguments following the conclusion of discovery.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion for Partial Judgment on the Pleadings" (document #42) be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.

Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 20, 2015

_____
David S. Cayer
United States Magistrate Judge