UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00141-MOC-DSC

| | |
|---|---|
| **DUKE ENERGY FLORIDA, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **WESTINGHOUSE ELECTRIC COMPANY, LLC,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has

1

conducted a careful review of the magistrate judge's recommendation.

The court has carefully considered defendant's Objections to the Honorable David S. Cayer's well-reasoned determination that defendant's request for partial judgment on the pleadings under Rule 12(c) be denied. The court concurs with plaintiff that defendant objections are simply a recasting of its original arguments.

As to defendant's argument that Judge Cayer misunderstood the applicable standard for considering judgment on the pleadings, the court can find no evidence of the application of an inappropriate standard to pleadings in this case. Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed

facts). Having conduct a de novo review of the pleadings and the arguments in support and opposition to the proposed judgment on the pleadings, the court fully agrees with Judge Cayer that defendant is not entitled to judgment as a matter of law, not even a partial one, on the pleadings now before the court.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Objections (#62) are overruled, the Memorandum and Recommendation (#59) is **AFFIRMED,** and defendant's Motion for Partial Judgment on the Pleadings" (#42) is **DENIED** without prejudice as to reasserting the substance of such arguments after discovery has closed in the form of a motion for summary judgment.

Signed: March 27, 2015

Max O. Cogburn Jr
United States District Judge