IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-cv-00141-MOC-DSC

DUKE ENERGY FLORIDA, INC.,

      Plaintiff,

v.

WESTINGHOUSE ELECTRIC
COMPANY LLC,

      Defendant.

**AMENDED CONSENT
PROTECTIVE ORDER GOVERNING
THE USE AND HANDLING OF CONFIDENTIAL,
PROPRIETARY, AND EXPORT CONTROLLED INFORMATION**

    Discovery in the above-captioned lawsuit (this "Litigation") will likely seek materials that contain export controlled information, proprietary trade secrets or other confidential research, development or commercial information, sensitive personal data subject to contractual confidentiality obligations, or regulated nuclear safety and security information.  Accordingly, pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, it is hereby ORDERED that:

**Proceedings and Information Governed.**

    1.    The parties, Duke Energy Florida, Inc. ("Duke Energy") and Westinghouse Electric Company, LLC ("Westinghouse") anticipate that discovery in this matter will include the production of restricted, proprietary or sensitive information or documents, including but not limited to: (1) materials revealing proprietary trade secrets or other confidential research, development, or commercial information, including but not limited to information protected from public disclosure pursuant to applicable law, including but not limited to 10 C.F.R. § 2.390 and

1

Fla. Stat. § 366.093, (2) materials revealing sensitive personal information concerning individuals who are not parties to this action, including but not limited to information protected from public disclosure pursuant to 10 C.F.R. § 26.37, (3) materials subject to confidentiality obligations imposed by Article 19 and other provisions of the Engineering, Procurement and Construction ("EPC") Agreement between the parties dated December 31, 2008 or other contractual or legal obligations restricting their disclosure, (4) export controlled information, or (5) regulated nuclear safety and security information (collectively, hereinafter "Confidential Information"). For avoidance of doubt, the term "Confidential Information" shall include information contained in discovery materials that is entitled to protection under Fed. R. Civ. P. 26(c)(1)(G), Fla. Stat. § 366.093, U.S. Nuclear Regulatory Commission (NRC) regulations at 10 C.F.R. § 2.390(a), including sensitive unclassified non-safeguards information (SUNSI) as defined by the NRC, and "Export Controlled Information," which shall include any and all information that is protected under U.S. export control laws, including, but not limited to, 10 C.F.R. Part 110, 10 C.F.R. Part 810, and 15 C.F.R. Part 730 et seq., or that is confidential business or financial information, trade secrets, personal privacy information, or regulated nuclear safety and security information, and that is designated or deemed "confidential" in accordance with the procedures set forth in this Order.

2. Such Confidential Information is subject to protection under Fed. R. Civ. P. 26(c) because its disclosure would violate laws of the United States and other nations, cause competitive injury to the producing entity, cause the producing entity to violate its confidentiality obligations, or reveal sensitive personal information. The parties mutually recognize the need to protect such Confidential Information, as set forth herein.

3.     The jurisdictional basis for the production of documents and materials in the discovery of this lawsuit rests with the inherent power of the United States District Court for the Western District of North Carolina (Charlotte Division).  In essence, it is the authority of this Court, in conjunction with the Federal Rules of Civil Procedure, that requires, regulates, and controls both the production of documents and the attending security and confidentiality of such documents. Any dissemination of materials, information or documents are authorized under the inherent power of this Court, and is subject to the limitations and provisions of the statutes, rules and regulations described above, the Federal Rules of Civil Procedure, and this Protective Order.

4.     The Court finds that any party to this action, or nonparty from whom discovery is sought, may designate as "Confidential" any discovery material containing Confidential Information, including without limitation selected excerpts of deposition testimony, answers to requests for admissions and interrogatories, and documents or things provided in response to requests for production or subpoenas.  Designation of Confidential Information shall constitute a representation by the designating party that there is a valid and good faith basis for the designation, that such information comes within the definition of Confidential Information recited in Paragraph 1, and that disclosure of such information to persons other than those permitted access to such information in paragraph 5 hereunder would cause the producing entity to violate contractual or legal confidentiality obligations, would violate an individual's privacy interests, and/or would cause competitive injury to the producing entity.

5.     A party may object to the designation of material as Confidential Information by notifying the producing person in writing, specifying the material at issue, and providing

the grounds for the objection.  Within ten (10) business days of such notice or such later time as the parties may agree, the parties and any other person whose Confidential Information is at issue shall confer concerning the designation of the material.  If differences remain after the conference, the party designating the disputed material as Confidential Information shall move the Court for a protective order to have the material maintained as Confidential Information within ten (10) business days of the conference, and the material shall retain its confidential status until further order of the Court.  If the motion for protective order is denied or withdrawn, and the material at issue was the subject of an instruction to a deponent not to answer questions at a deposition or the designation prevented use of the material at a deposition, the designating party will bear the out-of-pocket expenses of the deposing counsel for producing the deponent at a re-scheduled deposition to address the material.  A party's decision not to object to the designation of any material as confidential shall not constitute an agreement or admission that the material is in fact confidential.

6.     Material other than deposition transcripts and video recordings must be designated as Confidential Information by branding it with the word "Confidential."[1]  For sixty (60) days following a deposition, or the preparation and delivery of a deposition transcript, whichever is later, the transcript and video recording shall be deemed Confidential Information.  After that period, such material will remain Confidential Information only if a person has served a written designation of those portions of the transcript and video recording that shall remain Confidential Information.

---

[1] Electronic data containing Confidential Information must be designated as such by marking the copy of the electronic data produced (such as a CD or DVD) with the word "Confidential" and by designating the specific portions of the electronic data or electronic files that contain Confidential Information.  If such means of designation are not readily available or feasible with respect to the electronic data, the parties shall agree on alternative means to ensure that the electronic data receives confidential treatment.

7.     Except as expressly permitted herein, as otherwise provided by Order of the Court or by applicable Court rules, or with the prior written consent of the Designating Party, no Party subject to this Order shall disclose Confidential Information to any person or entity, or representative of such person or entity, who is not a Party hereto; rather, such Confidential Information shall be disclosed only to Qualified Persons, as defined below, who are participating, or assisting, in the conduct of this action, and may not be used, copied, or disclosed for any purpose other than in connection with the conduct of this action.  Subject to the provisions of Paragraph 7 below, a person may disclose Confidential Information received in connection with this action only to the following "Qualified Persons":

    (a)     The person or persons who authored the Confidential Information or who received such Confidential Information in the ordinary course of business;

    (b)     Employees and members of the Parties, including corporate affiliates, including in-house lawyers assisting in the prosecution or defense of this action who need to review Confidential Information in order to assist the party in connection with the claims, counterclaims, and defenses asserted in this action;

    (c)     Outside counsel retained by the Parties with respect to this matter, or the Florida regulatory proceedings in front of the Florida Public Service Commission, and the employees of such counsel, including any contract attorneys assisting outside counsel with respect to this matter;

    (d)     Expert witnesses or consultants retained or specially employed by a Party for this action or in connection with the project that is the subject matter of this action, provided that such person first executes a Confidentiality Agreement in the form attached hereto as Exhibit A;

(e)      Any person whom a Party intends, in good faith, to call or produce as a witness in any deposition or hearing and that person's attorneys to the extent reasonably necessary to prepare for and provide his or her testimony; provided that such person, and that person's attorney, if any, has executed a Confidentiality Agreement in the form of Exhibit A attached hereto;

(f)      Electronic discovery vendors and copy and print services and their employees and contractors retained by the parties or by outside counsel for the parties for this matter, or the Florida regulatory proceedings in front of the Florida Public Service Commission, provided that such vendor or service provider first executes a Confidentiality Agreement in the form attached hereto as Exhibit B;

(g)      Court reporters and videographers retained by the Parties to record testimony;

(h)      The Court and its personnel; and

(i)      Anyone to whom each Party shall consent in writing to receive such Confidential Information only provided that such person has executed a Confidentiality Agreement in the form of Exhibit A attached hereto.

8.      Confidential Information that a party receives in connection with this action shall be maintained in confidence, used solely for purposes of this action, and disclosed only as permitted and in the manner provided herein. None of the persons to whom Confidential Information is made available in connection with this action shall make use of such material for any purpose other than the prosecution or defense of this action or disclose the contents of such material to any other person or entity, except as permitted by this Order.

9.      Confidential information produced in connection with the Litigation is subject to the following:

(a)     If any non-Party produces information that contains Confidential Information in connection with this Litigation, such non-Party Confidential Information shall be governed by the terms of this Order.

(b)     This Order does not restrict in any manner the use or disclosure by a Party of any Confidential Information that is owned by the Party.  Ownership is not created by reason of production under this Order.

(c)     Procedures concerning the use and handling of Confidential Information at any trial herein are not addressed in this Protective Order, but will be set forth in another pleading agreed upon by the Parties and/or in another Order of the Court, but that this Order will remain in full force and effect until such subsequent Order is entered by the Court.

(d)     Notwithstanding any other provision of this Protective Order, the use and handling of any document that contains both Confidential Information and Classified Information (i.e., information that qualifies as National Security Information, as defined by Executive Order 12958, as amended, Restricted Data or Formerly Restricted Data, as defined in 42 U.S.C. 2014(y) and 2162, and 10 C.F.R. Parts 95 and 1045) shall be governed by any protective order the Court enters regarding such Classified Information.

10.     The restrictions on a party's disclosure and use of Confidential Information do not apply to material designated as "Confidential" that:

(a)     Is legally in possession of the receiving party prior to receipt thereof from the other party;

(b)     The receiving party can show by reasonable evidence to have been independently developed by the receiving party or its employees, members, consultants, affiliates or agents;

(c)     Enters the public domain through no fault of the receiving party or others within its control; or

(d)     Is disclosed to the receiving party by a third party, without restriction or breach of an obligation of confidentiality to the disclosing party.

11.     Any person filing a document in this action that refers to or attaches Confidential Information shall abide by the following process:

(a)     The party shall file through ECF a notice that the party has served the motion, brief, document, or other filing that includes Confidential Information. Simultaneously, the party shall serve a copy on opposing counsel and shall transmit a copy to the Court. The date that the party files the notice and serves a copy will be deemed the date that the party has filed the document (motion, brief, or other filing) for purposes of compliance with court orders and briefing deadlines.

(b)     The opposing party then will have five business days to file a motion seeking to have all or a portion of the Confidential Information filed under seal. If the opposing party does not file such a motion within five days, then the party that originally filed the notice shall file the entire document, unredacted, through ECF.

(c)      After the Court rules on any motions to file under seal, the party that originally filed the notice shall file the document on ECF or under seal, in accordance with the Court's Order.

12.      Each party will have five business days after receipt of the other party's trial exhibit list to file a motion seeking to have any portion of the trial record sealed or to have any other restrictions put on public access to the trial.

13.      If, after the date this Protective Order is entered by the Court, a Party inadvertently and in good faith produces Confidential Information that has not been designated as such, then the Party may designate the information or documents as "Confidential Information" by subsequent written notice to the other Parties specifically identifying the information and furnishing the correct designation and, from the date of receipt of the written notice by the Party so notified, the Confidential Information so designated shall be subject to the terms of this Protective Order.  A Party who produces and fails to designate as Confidential material containing Confidential Information may provide each receiving party with written notice of that person's intent to designate the material as confidential within ten (10) business days of discovering the failure to designate.  The producing party shall not be required to prove that the production was inadvertent or that it took reasonable steps to prevent disclosure.  If the discovery of the failure to designate occurs at deposition, it shall be sufficient notice as to all receiving parties represented at the deposition if the producing party states on the record its intent to designate the material as Confidential, and further written notice to such parties shall not be required.  Upon receipt of such notice, the noticed material shall be treated as confidential.  Within ten (10) business days of discovering the inadvertent failure to designate, the producing party shall replace the material with copies marked "Confidential," and upon

receipt of the replacement material, the receiving party shall promptly return or destroy all unmarked copies of the noticed material. Prior disclosure of the noticed material shall not be deemed a violation of this Order, provided that, within ten (10) business days of receiving notice of the intent to designate previously produced material as Confidential, each receiving party:

(a)     Informs the noticing party in writing of any prior disclosures;

(b)     Instructs in writing any recipient who is a Qualified Person to treat the noticed material as Confidential Information until replacement copies with the Confidential designation are provided;

(c)     Instructs in writing any recipient not a Qualified Person to return the material and makes reasonable effort to retrieve the material in a timely manner; and

(d)     Destroys or returns to the noticing party all copies of the noticed material produced without the Confidential designation within ten (10) business days after receiving replacement copies with the Confidential designation.

### SPECIAL PROVISIONS FOR HIGHLY CONFIDENTIAL INFORMATION

14.     For the purposes of this Order, "Highly Confidential Information" shall mean all information that is "Confidential Information" as defined by this Order, and that, in addition, contains pricing or other data that would give the receiving Party a commercial advantage in business dealings not directly related to the Levy Nuclear Plant Project, which gave rise to this lawsuit.

15.     Highly Confidential Information shall be designated by the Party producing the material by:

(a)     Placing the legend "HIGHLY CONFIDENTIAL" in a conspicuous place on each document; and

(b)     Designating in writing, with particularity, to specifically identifiable categories of documents and/or Bates Label Ranges.

16.     Any Party seeking protection for documents under (b) shall designate the document(s) as "HIGHLY CONFIDENTIAL" by letter addressed to record counsel for all other Parties at or before the time the documents are first provided to the other Parties.  By designating a document "HIGHLY CONFIDENTIAL," a Party represents in good faith that the document(s) contain or evidence Highly Confidential Information.

17.     A party may object to the designation of material as Highly Confidential Information by notifying the producing person in writing, specifying the material at issue, and providing the grounds for the objection.  Within ten (10) business days of such notice or such later time as the parties may agree, the parties and any other person whose Highly Confidential Information is at issue shall confer concerning the designation of the material.  If differences remain after the conference, the party designating the disputed material as Highly Confidential Information shall move the Court for a protective order to have the material maintained as Highly Confidential Information within ten (10) business days of the conference, and the material shall retain its confidential status until further order of the Court.  If the motion for protective order is denied or withdrawn, and the material at issue was the subject of an instruction to a deponent not to answer questions at a deposition or the designation prevented use of the material at a deposition, the designating party will bear the out-of-pocket expenses of the deposing counsel for producing the deponent at a re-scheduled deposition to address the material.  A party's decision not to object to the designation of any material as highly

confidential shall not constitute an agreement or admission that the material is in fact highly confidential.

18.     This Order extends to any portions of deposition transcripts generated in the course of discovery in this case, to the extent that they refer to Highly Confidential Information.  Any Party seeking protection of any portion of any deposition transcript shall designate that portion as "Highly Confidential," either on the record or by letter addressed to record counsel for all other Parties, within sixty (60) calendar days after the transcript of the deposition is first prepared and made available to the Parties.

19.     If the highly confidential nature of any information contained in a document or deposition transcript is contested, the contesting Party may seek a determination by the Court by filing an appropriate motion, but shall be bound by this Order until a contrary determination is made.

20.     Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or transcriber except to the attorneys for any Party or to any other person who is present while such testimony is being given and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such reporter or transcriber, or will be delivered to the undersigned attorneys.

21.     No Highly Confidential Information shall be disclosed other than as expressly authorized in this Order and may be disclosed only to the "Qualified Persons" as defined in paragraph 7, above, with the following exception: Highly Confidential Information may not be disclosed to Employees of the Parties other than "Allowable Employees" who execute

Exhibit A to this Order. "Allowable Employees" are those employees that the receiving Party identifies as having no role in business dealings between the parties in which the Highly Confidential Information could confer a commercial advantage. The receiving Party must notify the producing Party of the identities of its Allowable Employees and the producing Party then will have ten (10) business days after such notice or such later time as the parties may agree, to agree that those individuals are Allowable Employees or to confer with the receiving Party about whether the designation is acceptable. If differences remain after the conference, the producing Party shall move the Court for a protective order to limit the receiving Party's proposed Allowable Employees within ten (10) business days of the conference; the receiving Party shall not share with Highly Confidential Information with any Employees until further order of the Court.

21.1    In addition, the Parties contemplate possible production of Highly Confidential, commercially sensitive information that is worthy of further confidentiality and viewing restrictions. The Producing Party may treat this category of particularly commercially sensitive Highly Confidential information as follows:

      a.    A producing party may:

            i.  produce such documents in an unredacted form, with the designation "Highly Confidential – Outside Attorney Eyes Only" designation. Documents that are so designated may only be shown to the Qualified Persons described in Paragraph 7(a), (c), (d), (f), (g), (h), and (i).

           ii.  In addition, at the request of the Receiving Party or in the discretion of the Producing Party, the Producing Party may also redact the

following types of commercially sensitive information from these documents and produce them (as redacted) with a "Confidential" or less restrictive confidentiality designation:

1. evidence of price, costs, contract terms, negotiations, positions, and strategies regarding contracts or services on non-Levy projects or other matters unrelated to this litigation; and

2. bank account and wiring information for non-parties.

21.2    The Receiving Party may object in writing to any redactions or "Highly Confidential – Outside Attorney Eyes Only" designations that the Receiving Party believes unfairly restricts disclosure of discoverable information.

21.3    The Parties shall then meet and confer to discuss and attempt to resolve the Receiving Party's objections.  If the Parties cannot reach agreement, either Party may file a motion with this Court seeking to resolve the dispute.

22.    Other than as permitted by this Order, each Party or person to whom Highly Confidential Information is disclosed pursuant to this Order is hereby prohibited from divulging, other than to the Qualified Persons identified above, any of the Highly Confidential Information so obtained, without proper authorization from the Court or the Party who designated as Highly Confidential the documents containing or evidencing such Highly Confidential Information. Likewise, each Party or person to whom Highly Confidential Information is produced pursuant to this Order is hereby prohibited from using such information to a competitive economic advantage over the producing Party or for any purpose or manner not directly connected with the prosecution or defense of this action.

23.     In the event that the disclosure of any Highly Confidential Information to any person other than a Party's counsel, counsel's legal associates and office staff and consultants, is ordered by the Court or other legal process, counsel shall provide each such person with a copy of this Order.  Each such person shall read and acknowledge in writing that he/she understands and will abide by the terms of this Order.  Counsel shall retain all such signed acknowledgements and shall make them available, upon written request to counsel for the opposing Party.  Counsel shall limit the disclosure of Highly Confidential Information to persons whom counsel believe have a genuine and legitimate need to know the information as a part of the prosecution or defense of the claims asserted in this matter.

24.     Nothing contained herein shall prevent any Party from disclosing its own Highly Confidential Information as it deems appropriate.  The restrictions and obligations relating to Highly Confidential Information set forth in this Order shall not apply to:

(a)     Any document that is or becomes publicly known or available other than through a violation of this Order; or

(b)     Any document that the receiving Party receives from a third party without violation of this Order or breach of any agreement between the producing Party and such third party, provided the receiving Party is not obligated to hold such document in confidence.

25.     Any notes, summaries, compilations or copies containing Highly Confidential Information or electronic images or databases containing Highly Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases are made or derived.

26. Production of Highly Confidential Information pursuant to this Order shall not be construed as a waiver by any Party of any objections which might be raised as to the admissibility at the trial of this matter of any Highly Confidential Information.

**DISCLOSURE OF CONFIDENTIAL INFORMATION OUTSIDE THIS LITIGATION**

27. The parties anticipate that this Litigation may involve the exchange of Confidential and Highly Confidential information, including nuclear-related information that is protected from public disclosure by law. Accordingly, this Protective Order includes provisions intended to provide further scrutiny of and protections to Confidential Information or Highly Confidential Information that parties may seek to disclose to non-Qualified Persons and otherwise use outside this Litigation.

28. If a receiving Party is served with a document demand (such as pursuant to proceedings in front of the Florida Public Service Commission) or subpoena (such as issued pursuant to another lawsuit) or otherwise seeks to disclose the producing Party's Confidential Information or Highly Confidential Information to a third party that is not a Qualified Person (such as an expert in the Florida regulatory proceedings), it may do so only with the written consent of the producing Party or by Court Order, pursuant to and following this procedure:

 (a) the receiving Party must send a written request to the producing Party seeking permission to disclose the producing Party's Confidential Information or Highly Confidential Information to a third party that is not a Qualified Person. Such request shall include, at a minimum, the basis for the request for permission to produce the Confidential Information or Highly Confidential Information, copy of any process, document demand or request, subpoena, or other reason for the request, identification of the Confidential Information or Highly Confidential

Information (with reasonable specificity, giving bates-ranges where available), and identification of the proposed recipient;

(b)     Within ten (10) business days from receipt of this written request, the producing Party shall notify the receiving Party in writing that either: (1) it objects to the disclosure entirely, or (2) it objects to the disclosure absent imposition of specified further confidentiality protections that the producing Party determines are appropriate.

(c)     If the producing Party does not respond to the request within ten (10) business days of receipt, the receiving Party may produce the Confidential or Highly Confidential Information consistent with the receiving Party's written request; and

(d)     If the producing Party objects within ten (10) business days and the parties cannot agree upon a reasonable resolution to the objection(s), the receiving Party may move this Court for an Order barring such production, and the Producing Party may respond. After considering the Parties' positions, this Court will then determine whether such disclosure shall be had and upon what terms and conditions.

29.     In addition, a non-Qualified Person that receives Confidential or Highly Confidential Information may file a motion with this Court seeking permission to further disseminate any Confidential or Highly Confidential Information that it has received, and the producing Party shall have the right to oppose or otherwise respond to any such motion.

30.     With respect to any dissemination of Confidential Information or Highly-Confidential Information to Florida regulatory authorities and parties to Florida regulatory

proceedings, Duke Energy agrees to designate the Confidential Information or Highly-Confidential Information as confidential under Rule 25-22.006, Florida Administrative Code, and Section 366.093, Florida Statutes (2012).

31.     If any third party challenges Duke Energy's confidential designations or demands under those laws, Duke Energy shall give prompt notice to Westinghouse so Westinghouse can defend the confidential designation, and participate fully in the adjudication of any dispute arising thereunder.

## USE AND HANDLING OF EXPORT CONTROLLED INFORMATION

32.     For the avoidance of doubt, all documents produced during discovery shall be used, handled, processed and stored as if it contains Export Controlled Information.

33.     All vendors who will use, handle, store or process Confidential Information in this case or any Qualified Person, as described in paragraphs 6 and  19, who uses or handles Confidential Information shall comply with this Order and 10 C.F.R. §110, et seq. concerning Export Controlled Information.

34.     Nothing in this Protective Order shall be deemed to preclude any Party from: 1) opposing production of any documents or information for any lawful reason; 2) objecting to modification of this Protective Order; 3) moving for relief from any of the provisions of this Protective Order; or 4) seeking or agreeing to other protection for any documents or information. This Protective Order shall not apply to, and has no effect on the procedures under which access to, or use of, Classified Information (i.e., information that qualifies as National Security Information, as defined by Executive Order 12958, as amended, Restricted Data or Formerly Restricted Data, as defined in 42 U.S.C. § 2014(y) and 2162, and 10 C.F.R. Parts 95 and 1045) or Safeguards Information, will be authorized or permitted. Access to, and use of

any Classified Information shall be determined in accordance with existing law, and any protective orders the Court enters regarding Classified Information. Access to and use of any Safeguards Information shall be determined in accordance with existing law and any protective orders the Court enters regarding Safeguards Information.

35.     Nothing in this Order shall restrict, modify, construe, or otherwise affect the rights and obligations of the United States, as defined in federal law, regulation, executive order, and other legal authority, in preventing the unauthorized disclosure of classified or other information.

36.     This Protective Order applies only to the use and handling of Confidential Information and Highly Confidential Information, and nothing herein alters the rights or liabilities of the Parties with respect to the litigation.

37.     Defendant Westinghouse Electric Company, LLC shall return or certify the destruction of all Confidential Information or Highly Confidential Information received from another person (including all copies, extracts, and summaries thereof, other than attorney work product) to counsel for the producing Party within thirty (30) days after entry of final judgment or order of dismissal following settlement, or completion of any appeal, whichever is later.

38.     Plaintiff Duke Energy Florida, LLC shall return or certify the destruction of all Confidential Information or Highly Confidential Information received from another person (including all copies, extracts, and summaries thereof, other than attorney work product) to counsel for the producing Party within thirty (30) days after all of the following have occurred: (a) this lawsuit has ended by entry of final judgment not appealed from or order of dismissal following settlement, or completion of all appeals and (b) regulatory proceedings where the Confidential Information or Highly Confidential Information may be at issue have ultimately

concluded. If the regulatory proceedings extend longer than this lawsuit, this Court will retain jurisdiction over the parties for purposes of Confidential Information and Highly Confidential Information and the Parties shall continue to follow the procedures in paragraphs 28 of this Order, including filing motions with the Court.

39.     The obligation in paragraphs 37 and 38 to return or destroy materials covered by this Order does not apply to any copies that may exist on a back-up tape or drive unless and until those copies are accessed or restored. In that instance, the accessed or restored copies shall promptly be destroyed.

40.     This Order shall remain in full force and effect during and after the termination of this action, whether by settlement, judgment, or other disposition, and all appeals therefrom, until modified by an Order of this Court.

41.     Entry of this Order shall have no effect on the Parties' rights in any dispute relating to material filed in this or any other action prior to entry of this Order. Nothing here precludes any person from moving the Court for protection of material beyond that provided by this Order.

It is so **ORDERED**.

BY THE COURT:

Signed: May 27, 2015

David S. Cayer
United States Magistrate Judge

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-cv-00141-MOC-DSC

DUKE ENERGY FLORIDA, INC.,

       Plaintiff,

v.

WESTINGHOUSE ELECTRIC
COMPANY LLC,

       Defendant.

**CONFIDENTIALITY AGREEMENT**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree to use any Confidential Information or Highly Confidential Information disclosed to me in this action solely for purposes of this action and strictly in accordance with the Protective Order. I further agree to neither disclose nor discuss any such information to persons other than those specifically authorized as "Qualified Persons" by said Protective Order. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Highly Confidential Information in a secure manner, and that all such

documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Highly Confidential Information are to be returned to counsel who provided me with such documents and materials.

Printed Name: _____

Signature: _____

Date: _____

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-cv-00141-MOC-DSC

|  |  |
|---|---|
| DUKE ENERGY FLORIDA, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>WESTINGHOUSE ELECTRIC<br>COMPANY LLC,<br><br>     Defendant. | **CONFIDENTIALITY AGREEMENT** |

## <u>CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS</u>

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree to use any Confidential Information or Highly Confidential Information disclosed to me in this action solely for purposes of this action and strictly in accordance with the Protective Order. I further agree to neither disclose nor discuss any such information to persons other than those specifically authorized as "Qualified Persons" by said Protective Order.

Name: _____

Signature: _____

Date: _____