# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00141-MOC-DSC

| | |
|---|---|
| DUKE ENERGY FLORIDA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTINGHOUSE ELECTRIC COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Duke Energy Florida, Inc.'s Motion to Show Cause" (document # 112) filed September 21, 2015 and the parties' briefs and submissions. This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. The Court has carefully examined the record, the parties' arguments and the applicable authorities. For the reasons stated in Plaintiff's briefs, the Court respectfully recommends that the Motion be <u>granted</u> as set forth below.

On March 18, 2015, Plaintiff filed its Motion to Compel (document #68). Plaintiff sought an order requiring Defendant to produce all non-privileged documents responsive to its discovery requests, including using the search terms Levy, AP1000, Vogtle and Summer, and searching both custodian and non-custodian based repositories. Plaintiff expressly sought production of "the relative schedules of the AP1000 project as a whole, and the Vogtle, Summer, and Levy project schedules in particular…." Plaintiff's "Memorandum in Support of Motion to Compel" at 7 (document #69).

On June 2, 2015, the Court granted the Motion to Compel. See "Order" (document #96).

On September 21, 2015, Plaintiff filed its Motion to Show Cause alleging that Defendant has not produced the AP1000, Vogtle, Summer, and Levy project schedules. Defendant produced some responsive documents one day prior to filing its brief in opposition. In its Reply and supporting documentation, however, Plaintiff has credibly shown that Defendant has not produced Levy and AP1000 project schedules.

Consequently, the undersigned respectfully recommends that Defendant be ordered to show cause why it has not violated the Court's Order (document #96) and be subject to sanctions.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Duke Energy Florida, Inc.'s Motion to Show Cause" (document # 112) be **GRANTED**, and that that the District Judge issue an order that Defendant show cause why it has not violated the Court's Order (document #96) and be subject to sanctions.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416

F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: October 15, 2015

David S. Cayer
United States Magistrate Judge